UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DENICE SHALA JOY LUIZ,  Case No. 6:22-cv-00350-MC

    Plaintiff,  ORDER

  v.

WALT'S TOWING; CHRIS BONEBRAKE;
WILLAM KRAMAR; ROSEBURG CITY
POLICE; STATE OF OREGON,

    Defendants.
_____

MCSHANE, District Judge.

    Plaintiff, an inmate at the Douglas County Jail proceeding pro se and in forma pauperis, files this civil rights action under 42 U.S.C. § 1983. Plaintiff alleges violations of her rights under the Fourth and Fourteenth Amendments arising from the search of her vehicle and seizure of her personal property. Plaintiff's Complaint fails to state viable § 1983 claims for relief, and she is allowed the opportunity to amend her allegations.

    Federal law authorizes federal courts to review cases filed in forma pauperis to determine if a claim is "frivolous or malicious" or "fails to state a claim upon which relief may be granted."

- 1 -   ORDER

28 U.S.C. § 1915(e)(2)(B). Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

The gist of plaintiff's Complaint is that City of Roseburg police officer Chris Bonebrake obtained entry into her vehicle while it was stored at Walt's Towing, and that he did so with the assistance of William Kramar, a seventy-eight-year-old individual. Plaintiff alleges that the search was conducted without a warrant or probable cause and resulted in her arrest and unlawful imprisonment.

To state a civil rights claim under § 1983, plaintiff must allege that 1) a person acting under color of law 2) deprived her of a federal constitutional right. 42 U.S.C. § 1983; *Stein v. Ryan*, 662 F.3d 1114, 1118 (9th Cir. 2011). Plaintiff's allegations fail to state a viable § 1983 claim and she must amend her allegations for this action to proceed.

First, plaintiff alleges that the unauthorized search of her vehicle resulted in her unlawful imprisonment. Consequently, her Fourth Amendment claims, if successful, would appear to implicate the legality of her current custody and any pending charges against her. This Court may not interfere with a state criminal proceeding absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 53–54 (1971); *see also Heck v. Humphrey*, 512 U.S. 477, 487 n.8 (1994) (noting that when a state criminal defendant brings a federal civil rights lawsuit while criminal charges are pending, abstention is "an appropriate response to the parallel state-court

proceedings"); *Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004) (en banc). Further, to the extent plaintiff alleges an unlawful imprisonment, she must allege facts suggesting that she was arrested without probable cause. *Schliske v. Albany Police Dep't*, 617 F. Supp. 2d 1106, 1113-14 (D. Or. 2009).

Second, plaintiff does not allege facts suggesting an unlawful search on the part of Officer Bonebrake. Rather, she alleges that Officer Bonebrake "used" William Kramar to gain entry into her vehicle and that Kramar allowed Officer Bonebrake to search the vehicle. Officer Bonebrake's search of the vehicle would be unlawful only if the officer unreasonably believed Kramar was authorized to allow entry into the vehicle, and plaintiff does not allege such facts. *See United States v. Arreguin*, 735 F.3d 1168, 1175 (9th Cir. 2013).

Third, private entities and individuals such as Walt's Towing and William Kramar are not "persons" acting under color of state law for § 1983 purposes, and plaintiff must set forth plausible allegations of conspiracy or joint action with a public official to hold them liable. *See Franklin v. Fox,* 312 F.3d 423, 441 (9th Cir. 2002). Plaintiff merely alleges that Walt's Towing "allowed" Officer Bonebrake and Kramar to enter her vehicle and that Kramar "assisted" Bonebrake in gaining entry to her vehicle. Plaintiff's conclusory allegations do not suggest the type of "joint action" that would render their actions under "color of law" for purposes of § 1983 liability. *Price v. Hawaii*, 939 F.2d 702, 708-09 (9th Cir. 1991) (conclusory allegations of conspiracy do not satisfy joint action test).

Fourth, plaintiff fails to allege facts to sustain a claim against the City of Roseburg. In order to state a § 1983 claim against a municipal entity, plaintiff must allege facts giving rise to a reasonable inference that (1) the municipality had a policy, custom, or widespread practice that was the moving force behind the violation of her constitutional rights; (2) the municipality failed to properly train its officers and the failure to train amounts to deliberate indifference to

plaintiff's rights; or (3) the individual who violated plaintiff's constitutional rights had final policy-making authority or ratified a subordinate's unconstitutional decision or action and the basis for it. *Rodriguez v. Cty. of Los Angeles,* 891 F.3d 776, 802-03 (9th Cir. 2018); *see also Monell v. Dep't of Soc. Serv. of City of New York,* 436 U.S. 658, 691 (1978). Plaintiff does not allege facts suggesting that the City of Roseburg violated her constitutional rights pursuant to an unconstitutional policy or custom, as the result of a failure to train its officers, or by an officer with final policy-making authority.

Finally, plaintiff cannot bring a § 1983 claim against the State of Oregon, because the State is not a "person" under § 1983 and it is immune from suit in federal court. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66 (1989).

Plaintiff is afforded the opportunity to amend her allegations. In her proposed amended complaint, plaintiff must indicate: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual caused the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct.

Plaintiff is advised that service on the defendants will not be effectuated and this action will not proceed until she files an amended complaint that alleges a viable § 1983 claim. Plaintiff shall refrain from submitting requests for summonses or subpoenas unless authorized by the Court.

## CONCLUSION

Plaintiff's Complaint fails to allege a viable cause of action and her claims are DISMISSED. Within 30 days from the date of this Order, plaintiff may submit an amended complaint as directed above. Plaintiff is advised that the failure to do so will result in dismissal of this proceeding, with prejudice.

Plaintiff shall not submit to the Court any documents other than her proposed amended complaint. Documents other than an amended complaint will not be filed and will be returned to plaintiff.

IT IS SO ORDERED.

DATED this 31st day of March, 2022.

                                                s/ Michael J. McShane
                                                MICHAEL J. MCSHANE
                                                United States District Judge