UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| DENICE SHALA JOY LUIZ, | Case No. 6:22-cv-00350-MC |
| Plaintiff, | ORDER |
| v. | |
| CITY OF ROSEBURG, and CHRIS BONEBRAKE, in his individual capacity, | |
| Defendants. | |

MCSHANE, District Judge.

Plaintiff, a pretrial detainee at the Douglas County Jail, filed this action pursuant to 42 U.S.C. § 1983 and applied for leave to proceed in forma pauperis (IFP). This Court granted plaintiff's IFP application and allowed this action to proceed without prepayment of the full filing fee. *See* 28 U.S.C § 1915(a). After inquiry by the Court, plaintiff has confirmed that she and Denice Shala Joy Farmer are the same individual. *See* Steffen Decl. (ECF No. 14). Plaintiff

1 -    ORDER

is therefore barred from proceeding IFP, and she must pay the full filing and administrative fee of $402.00 to proceed with this action.

Under the Prison Litigation Reform Act, an inmate may not proceed IFP if "the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1049 (9th Cir. 2007) (referring to § 1915(g) as the "three-strikes rule").

Plaintiff has, while incarcerated, brought numerous cases dismissed by this Court for failure to state a claim and/or as frivolous. *See, e.g., Farmer v. Or. Dep't Corr.*, Case No. 3:17-CV-01553-AC (D. Or. Jan. 5, 2018); *Farmer v. State of Oregon*, Case No. 1:17-CV-01526-AC (D. Or. Dec. 15, 2017); *Farmer v. Or. Dep't Corr.*, Case No. 3:17-CV-01524-AC (D. Or. Dec. 15, 2017); *Farmer v. Curry Cty. Jail*, Case No. 1:17-CV-01440-AC (D. Or. Dec. 11, 2017); *Farmer v. Gold Beach Police Dep't*, 1:17-CV-01437-AC (D. Or. Dec. 11, 2017); *Farmer v. Coos Cty. Jail*, 6:17-CV-01422-AC (D. Or. Dec. 11, 2017). In this action, plaintiff challenges the conduct of Officer Bonebrake after her arrest in January 2022, and she does not allege an imminent danger of serious physical injury.

Accordingly, plaintiff is prohibited from proceeding IFP and she is not entitled to service of summons and complaint by United States Marshal. *See* Fed. R. Civ. P. 4(c)(3). Douglas County Jail has collected and sent to the Court $82.00 from plaintiff's inmate trust account, and plaintiff must pay the remaining $320.00 to proceed with this action.

///

2 -    ORDER

## CONCLUSION

Plaintiff's IFP status is REVOKED. Within thirty days from the date of this Order, plaintiff must pay the remaining $320.00 of the filing and administrative fee. Plaintiff is advised that the failure to do so will result in the dismissal of this proceeding, without prejudice.

IT IS SO ORDERED.

DATED this 21st day of June, 2022.

s/ Michael J. McShane
MICHAEL J. MCSHANE
United States District Judge
